TIMOTHY FORD, Respondent, v. THE ST. LOUIS, KEOKUK & NORTHWESTERN RAILROAD *et al.*, Appellants.

St. Louis Court of Appeals, May 28, 1895. Motion for Rehearing Overruled September 24, 1895.

1. **Instructions:** EXCEEDING EFFECT OF EVIDENCE. An instruction, which transcends the fair effect of the evidence on which it is based, is erroneous.

2. **Witnesses, Examination of:** QUESTION INVOLVING CONCLUSION. It is not proper to ask a witness whether facts are of such a character as to create a stated presumption. Accordingly, a question, whether a custom is so general and uniform and of such a character, as to create a presumption of the knowledge of it, is properly excluded.

*Appeal from the St. Charles Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*Theodore Bruere* for appellant.

*H. C. Lackland* and *C. W. Wilson* for respondent.

BOND, J.—Plaintiff is a subcontractor, and sues for work and labor done in grading and constructing the roadbed of the defendant railroad company. The original contractor is made a codefendant. Judgment is prayed against him, with a lien on the property of the defendant railroad company. The answer of the railroad company is a general denial. The original contractor also files a general denial, and alleges further that the work sued for was done under a contract which plaintiff broke, thereby causing loss and damage to said defendant, for which he prays judgment after crediting what would be due plaintiff under the contract.

The entire evidence shows that plaintiff placed nine thousand and eighty-nine cubic yards of earth on the portion of the roadbed which had been sublet to him by the original contractor, and that nine and one half cents per cubic yard was the price agreed upon for this work; that the railroad company paid the original contractor for the work thus done by the plaintiff, and that plaintiff cleared six acres of ground in the construction of said roadbed, for which $120 was a reasonable charge. The contract under which the work was sublet to plaintiff rested in parol. According to the plaintiff's testimony it was made March 23, 1892, at the Grand Pacific Hotel in Chicago, and was to embrace ten miles of roadbed, upon the agreement, however, that, if the plaintiff could not finish the work, the original contractor should take back such as plaintiff could not complete, and pay for what was done; that the work was to be completed by June 15, of the same year, and ten or nine and one half cents to be paid per cubic yard as the work was done east or west of Dardenne creek; and that, under this contract, the work was to commence at once. On the other hand, the evidence of the original contractor, defendant Quigley, as to his contract was, to wit: "I give him nine and one half cents." June 30 was the time in which the contract was to be completed. The distance was ten miles, commencing five miles each way of Dardenne creek. Every railroad contract is taken with the custom, that the contract necessarily depends upon the action of the railroad engineers. "I never made a contract with a man, that a man can quit when he wants to."

Under the agreement thus made, the work sued for was begun by plaintiff, and, according to the evidence, was carried on until its further completion was prevented by an overflow of the lands, which did not subside until after the thirtieth of June. According to defend-

ant's evidence, plaintiff voluntarily abandoned prosecution of the work some time before the expiration of the contract, wherefore defendant was compelled to complete the same by using his own teams and employing other parties, in doing which he was put to cost above the contract price with plaintiff. In its finding the court disallowed all claims for the work thus done, and gave judgment for plaintiff for $472.41, being the balance left after deducting from the amount of the work done by him at a contract price all credits due defendant for supplies. From this judgment defendant appeals, and assigns as error the giving and refusal of declarations of law, and the exclusion of evidence.

Among the declarations of law given by the court on behalf of the plaintiff was the following, to wit: "If the court, sitting as a jury, believes from the evidence that the final agreement between Ford and Quigley was that Ford should be paid nine and one half cents per cubic yard for all the earthwork done by him, then the court must allow for said work at said rate, deducting only for payments made and sundries furnished." This instruction, having been drawn apparently upon the phase of the case presented by plaintiff's testimony, should have been confined to the inferences justly arising therefrom. The evidence of plaintiff in reference to his being allowed to quit, and receive pay for the work so far as done, did not, by fair construction, tend to show that he was to be allowed to do some inexpensive surface work and thereafter cease at will and get pay at the contract price for the work thus done. According to plaintiff's testimony on this point, in the event he was unable to do the whole work in the time limited in the contract, he was to be paid for such portions as he had been able to complete up to that time, and the uncompleted parts were to be taken back by the defendant. According to this view, plaintiff was

only entitled to receive the contract price for the work done by him, provided he was unable to complete the whole work before the expiration of the time limited in the contract, or was prevented from completing the same in such time by the act of defendant, or other sufficient reasons. The foregoing declaration of law transcended the fair effect of the testimony of plaintiff, and, therefore, should not have been given.

No error was committed by the court in refusing to permit appellant to ask his witnesses the following question: "State whether or not there is a custom among railroad contractors that all contracts for the grading of railroads are upon the implied condition, that the right of way is secured by the railroad company and that the railroad company establish the grade in time; and, if there is such a custom, state whether it is general, uniform and certain, and of such character that all engaged in such business are presumed to have knowledge of it?" Witnesses are not legal experts. Nor is it permitted them to state that certain facts create a legal presumption. It is for the law, not witnesses, to define presumptions. For this reason the question was objectionable in form and properly excluded. The law applicable to contracts for constructing the roadbed of a railway is announced in the case of *Hammond v. Beeson*, 112 Mo. 190.

For the error pointed out in the foregoing instruction, the judgment in this case will be reversed and the cause remanded. All concur.